UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**GILLIS GROCERY & CAFE**        CASE NO. 2:22-CV-04481

**VERSUS**                        JUDGE JAMES D. CAIN, JR.

**WESTERN WORLD INSURANCE CO**    MAGISTRATE JUDGE DAVID J. AYO

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 16] filed by defendant Western World Insurance Company ("WWIC"). Plaintiff Gillis Grocery & Café ("Gillis") opposes the motion. Doc. 23.

## I.
### BACKGROUND

This suit arises from alleged Hurricane Laura and Hurricane Delta damage to a meat market and grocery store owned by Gillis in Lake Charles, Louisiana. Doc. 1. At all relevant times the properties were insured under a policy issued by WWIC. Gillis asserts that WWIC failed to timely or adequately compensate it for its covered losses after the hurricane. Accordingly, it filed suit in this court on August 25, 2022, raising claims of breach of contract and bad faith under Louisiana law. Doc. 1. The matter is set for jury trial before the undersigned on June 24, 2024.

WWIC now brings this motion for summary judgment, seeking dismissal of Gillis's bad faith claims and its claim for additional repair costs. Doc. 16. Gillis opposes the motion, arguing that (1) factual disputes remain as to the scope and valuation of the loss and (2)

WWIC has admitted to its own failure to issue payments within the statutory time period, mandating an award of penalties and attorney fees. Doc. 23.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the courts must enforce the contract as written." *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 589 (La. 2007) (citing La. Civ. Code art. 2046).

WWIC first seeks summary judgment on Gillis's bad faith claims. Gillis notes that the ACV paid by WWIC was only 50 percent of the RCV, calling into question whether WWIC unreasonably withheld an excessive amount as "depreciation." The proper ACV calculation, and the reasonableness thereof, are factual disputes. *Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 522 (5th Cir. 2010) ("Where contested, the proper measure of actual loss, like the measure of recovery under the policy, is a question of fact."). Additionally, Parker Loss first inspected the property on September 4, 2020. Doc. 16, att. 6, pp. 181–82. It did not submit its estimate to WWIC until November 17, over two months later, and

WWIC issued payment based on this estimate within thirty days. Gillis maintains that WWIC, through Parker Loss, received sufficient information through the inspection and unreasonably delayed by waiting until it received the Xactimate estimate to issue payment. Under Louisiana law, "satisfactory proof of loss" means "only that which is sufficient to fully apprise the insurer of the insured's claims." *La. Bag Co., Inc. v. Audubon Indem. Co.*, 999 So.2d 1104, 1119 (La. 2008) (internal quotations omitted). "Louisiana decisions demonstrate that 'proof of loss' is a flexible requirement. An insurer of course must receive some kind of notice of a claim before it can act. So long as it receives enough information, the manner in which it obtains the information is immaterial." *Austin v. Parker,* 672 F.2d 508, 520 (5th Cir. 1982) (internal quotations omitted). Additionally, an insurer may violate Louisiana's bad faith statutes when it fails to adequately inspect the insured property before denying a claim. *See Jacobs v. GEICO Indem. Co.*, 256 So.3d 449, 457 (La. Ct. App. 2d Cir. 2018) (upholding bad faith verdict against GEICO based on trial evidence that its adjuster failed to thoroughly inspect a vehicle before denying a flood claim). The delay alone appears questionable given the size of the claim and what the court has observed in other Hurricane Laura cases. It creates an issue of fact as to whether WWIC unreasonably required its proof of loss to conform to a higher standard, or allowed Parker Loss as its agent to unreasonably prolong its adjustment of the claim. Accordingly, the court cannot grant summary judgment on Gillis's bad faith claims.

      WWIC also seeks summary judgment on any claim for additional repair costs. WWIC's December payment (based on the ACV from Parker Loss's November 2020) estimate was for $113,278.65. Doc. 16, att. 9. Thereafter Gillis signed a Sworn Statement

in Proof of Loss agreeing that this number represented the actual cash value of repairs at the time. Doc. 16, att. 10. Gillis's contractor LaRocque sent a supplement for the actual cost of repairs upon their completion in July 2021. Doc. 16, att. 7, p. 26. These claimed costs included increased costs of material and labor due to market changes. *Id.* at 71–72. Parker requested additional documentation and LaRocque submitted same in October 2021. *Id.* at 75–77. Parker and LaRocque allegedly reached an agreement on supplemental costs in February 2022 and WWIC issued additional payments. Doc. 16, att. 13. Gillis then signed a Sworn Statement in Proof of Loss on February 28, 2022, attesting that the full RCV of the claim was $217,094.36. Doc. 16, att. 14. Nonetheless, Gillis filed suit on August 25, 2022, claiming that WWIC had neither timely nor adequately compensated it for covered losses. Doc. 1.

      Gillis maintains that it was coerced into signing the sworn statements. To this end it points to November 2020 emails between Parker Loss adjuster Kirk Gresham and Blake Chapman with LaRocque, in which the former advises the latter to adjust certain estimates to avoid pushback from the insurer. Doc. 23, att. 4. These exchanges may ultimately prove innocuous[1] but they do show that in November 2020, having not yet received any payment, Gillis was preemptively revising its estimates downward at the instruction of WWIC's adjuster. Given the delay on receiving even the first payment, supra, and the supplement,

---

[1] WWIC argues that the emails cannot create an issue of fact, because the referenced mitigation estimate "was accepted and fully paid as part of [WWIC's] first payment issued to Plaintiff." Doc. 26, pp. 1–2. The LaRocque invoice it references, however, is dated several months after the exchange between Gresham and Chapman. Doc. 23, att. 3, p, 13. It shows mitigation work roughly in the amount originally estimated by Parker Loss. Doc. 23, att. 2, p. 11. Accordingly, this evidence does not disprove plaintiff's contention that its contractor was advised to revise its estimates.

Gillis may be able to show that it was unreasonably coerced into accepting a lower amount in order to receive any payment in the first place. Accordingly, summary judgment must be denied on this claim as well.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 16] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 14th day of May, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE