UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **GILLIS GROCERY & CAFE** | **CASE NO. 2:22-CV-04481** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WESTERN WORLD INSURANCE CO** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 17] filed by defendant Western World Insurance Company ("WWIC"). Plaintiff Gillis Grocery & Café ("Gillis") opposes the motion. Doc. 22.

### I.
### BACKGROUND

This suit arises from alleged Hurricane Laura and Hurricane Delta damage to a grocery store and meat market owned by Gillis in Lake Charles, Louisiana. Doc. 1. At all relevant times the properties were insured under a policy issued by WWIC. Gillis asserts that WWIC failed to timely or adequately compensate it for its covered losses after the hurricane. Accordingly, it filed suit in this court on August 25, 2022, raising claims of breach of contract and bad faith under Louisiana law. Doc. 1. The matter is set for jury trial before the undersigned on June 24, 2024.

WWIC now brings this motion for summary judgment, seeking dismissal of Gillis's claim for business personal property loss and related claim for bad faith. Doc. 17. Gillis

opposes the motion, arguing that genuine issues of fact remain as to both the amount owed and the reasonableness of WWIC's refusal to pay. Doc. 22.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the courts must enforce the contract as written." *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 589 (La. 2007) (citing La. Civ. Code art. 2046).

The WWIC policy provides business personal property coverage for "direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." Doc. 17, att. 3, p. 54. The coverage extends to:

> b. Your Business Personal Property located in or on the building described in the Declarations or in the open (or in a vehicle) within 100 feet of the described premises, consisting of the following unless otherwise specified in the Declarations or on the Your Business Personal Property – Separation of Coverage form:
>   (1) Furniture and fixtures;
>   (2) Machinery and equipment;
>   (3) "Stock";

>   (4) All other personal property owned by you and used in your business;
>   (5) Labor, materials or services furnished or arranged by you on the personal property of others;
>   (6) Your use interest as tenant in improvements and betterments. Improvements and betterments are fixtures, alterations, installations or additions:
>   (a) Made a part of the building or structure you occupy but do not own; and
>   (b) You acquired or made at your expense but cannot legally remove.
>   (7) Leased personal property for which you have a contractual responsibility to inure, unless otherwise provided for under Personal Property of Others.

*Id.* at 53. It is also subject to the following exclusion:

> We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
> . . . .
> e. Utility Services
> The failure of power, communication, water or other utility service supplied to the premises, however caused, if the failure:
> (1) originates away from the described premises; or
> (2) originates at the described premises, but only if such failure involves the equipment used to supply the utility service to the described premises from a source away from the described premises.

*Id.* at 82.

WWIC retained Parker Loss Consultants ("Parker Loss") to adjust Gillis's Hurricane Laura claim. On September 4, 2020, Parker Loss employee Kirk Gresham inspected the properties and allegedly instructed Gillis to supply lists of lost items and completed store inventory. Doc. 17, att. 6, pp. 181–88; doc. 17, att. 7. Gillis submitted no documentation relating to its business personal property, and that claim was closed in May 2021. Doc. 17, att. 14. WWIC then reopened the claim when Gillis's insurance broker sent an email to WWIC asking it to review "BPP information" received from the customer.

Doc. 17, att. 8. The documentation submitted included photos of beverage stock, a handwritten list with prices but no quantity or supporting documentation, and a Sysco order dated May 24, 2021. Doc. 17, att. 15. Kevin Smith of Parker Loss was engaged to investigate the BPP claim and requested additional documentation. Doc. 17, att. 10. He also reported that the insured did not see any evidence of a direct power line disconnect at the meat market. *Id.* On July 21, 2022, Smith reported that Gillis had still not produced the requested documentation despite multiple requests to both the broker and Gillis. Doc. 17, att. 11. Accordingly, WWIC maintains that no coverage is owed for any BPP loss and that it cannot be held liable for any bad faith.

Gillis contends that WWIC is erroneously pinning any BPP loss on an off-premises power outage. Gillis owner Steve Gaudet provided the plaintiff's 30(b)(6) deposition and testified that, as a result of the storm, the refrigeration unit for the meat market's five-door freezer was ripped from the wall and turned over.[1] Doc. 22, att. 2, p. 160. The grocery store also had roof damage with water intrusion over a lot of shelved items. *Id.* at 155. Finally, Gaudet testified that he provided the Sysco receipt as proof of loss after he replicated his lost stock. *Id.* at 276.

WWIC contends that only the grocery store sustained significant storm damage, and that any BPP claim arising from the meat market must be attributed to the widespread power loss in the area following Hurricane Laura. It further notes that the refrigeration unit

---

[1] Plaintiff also argues that losses from the Meat Market are covered, regardless of any physical damage, because the Civil Authority orders prevented plaintiff from accessing the store and preserving his stock. This theory would appear to operate as a concurrent cause under the Utility Services exclusion. The court makes no determination at this point, however, subject to plaintiff's ability to develop evidence on how the loss of stock was independent from the widespread utility failures.

was never claimed as damaged. This issue goes to Gaudet's credibility, however, which the court cannot resolve on summary judgment. After the jury determines whether Gaudet's explanation is acceptable, it must decide whether WWIC's rejection of any such claim was unreasonable—especially in light of evidence introduced in plaintiff's opposition [doc. 23] to another pending motion that Parker Loss consultants were advising Gillis's representatives to reduce their claims in order to avoid pushback from WWIC. Accordingly, the court cannot grant summary judgment as to the breach of contract or bad faith claims arising from Business Personal Property coverage.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 17] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 14th day of May, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**